UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TONYA NICHOLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-01678-SEB-MJD |
| | ) | |
| ASPIRE INDIANA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PENDING MOTIONS**

This cause is before the Court on Defendant's Motion to Dismiss [Docket No. 11],

filed on July 10, 2017, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Also before the Court are Defendant's Motion to Strike or in the Alternative to Accept

Filing of Reply [Docket No. 15], filed on August 8, 2017, and Plaintiff's Motion for

Leave to File Late Response [Docket No. 17], filed on August 10, 2017.  Plaintiff Tonya

Nichols ("Ms. Nichols") brings this lawsuit against her former employer, Defendant

Aspire Indiana, Inc. ("Aspire"), alleging that she was discriminated against and

terminated based on her race (African-American) and age (58), in violation of Title VII

of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment

Act ("ADEA"), respectively.

Before addressing the merits of Defendant's Motion to Dismiss, we turn first to

address Defendant's Motion to Strike or in the Alternative to Accept Filing of Reply and

Plaintiff's Motion for Leave to File Late Response.  Upon review of Plaintiff's motion

and her counsel's explanation for the belated filing of her response brief, we accept

counsel's explanation that she mistakenly calendared the due date for the response as July 31, 2017, instead of the correct date because she confused the time for filing a responsive pleading or reply under Rule 12 of the Federal Rules of Civil Procedure, which is twenty-one days, with the response deadline for a motion to dismiss under Local Rule 7-1(c)(2)(A), which is fourteen days.  Although Plaintiff's response was filed late, we find that it was filed in good faith and was not intentionally filed in violation of the deadline to respond to the motion to dismiss.  For these reasons, we hold that the late filing constitutes excusable neglect and we therefore GRANT Plaintiff's Motion for Leave to File Late Response.  Defendant's Motion to Strike or in the Alternative to Accept Filing of Reply is accordingly DENIED as to the request to strike Plaintiff's response, but GRANTED as to the request to file its reply.  Finally, for the reasons detailed below, we DENY Defendant's Motion to Dismiss.

## Factual Background

Ms. Nichols was employed at Aspire for twenty-six years before her termination. Compl. ¶ 11.  Her most recent position with the company was as a Marketing Development Associate.  *Id.*  Ms. Nichols is 58 years old and was the only African-American employee in her department at Aspire.  *Id.* ¶ 12.  Ms. Nichols alleges that she had an exemplary work performance record with the company until Susie Maier, who is white, became her supervisor in February 2016.  *Id.* ¶¶ 13-14.

On June 6, 2017, Ms. Maier called Ms. Nichols and another older co-worker into a meeting and, without citing any specific issues with their work, criticized them for their "behavior, visible resentment, anger, [and being] disconnected."  *Id.* ¶ 15.  This was the

first reprimand Ms. Nichols had received during her employment with Aspire. *Id.* Beyond a verbal reprimand, Ms. Nichols apparently did not suffer any other job consequences as a result of this incident.

On August 9, 2016, Ms. Maier suspended Ms. Nichols with pay pending an investigation regarding "potential violation of Aspire policies pertaining to falsification of documents." *Id.* ¶ 16. The alleged violation involved mileage reports for Ms. Nichols's attendance at weekly Rotary Club meetings in Anderson, Indiana. *Id.* Prior to her suspension, she had not received any verbal or written warnings about mileage. *Id.* ¶ 19. According to Ms. Nichols, she had attended these meetings for many years as part of her job duties as well as served on committees for that organization over the years and had never before been asked by Aspire to produce documentation to prove her mileage or her attendance at those meetings. *Id.* ¶ 17. No other Aspire employees were required to produce documentation to verify their mileage. *Id.* Specifically, Ms. Nichols alleges that a similarly situated white co-worker, Cheryl Berry, was not required to prove her mileage or attendance at Rotary Club meetings. *Id.* ¶ 18.

Upon being suspended, Ms. Nichols was immediately locked out of the company website, denied email access, had her keys and laptop taken away, and was escorted out of the building. *Id.* ¶ 20. Ms. Nichols was subsequently terminated on August 12, 2016. *Id.* ¶ 21.

On August 12, 2016, before she was terminated later that same day, Ms. Nichols filed a charge with the Equal Employment Opportunity Commission ("EEOC"), alleging that her verbal reprimand and paid suspension constituted race and age discrimination.

The EEOC issued Ms. Nichols a right to sue letter on February 28, 2017, which she received on March 2, 2017. Ms. Nichols then filed her complaint in this action on May 19, 2017, alleging that she was discriminated against and terminated because of her race and age, in violation of Title VII and the ADEA, respectively. Defendant filed its motion to dismiss on July 10, 2017, on the grounds that Ms. Nichols failed to adequately allege that she suffered an adverse employment action. That motion is now fully briefed and ripe for ruling.

**Legal Analysis**

## I.      Standard of Review

Defendant has filed its fairly limited motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). In this procedural context, the Court accepts as true all well-pled factual allegations in the complaint and draw all ensuing inferences in favor of the non-movant. *Lake v. Neal*, 585 F.3d 1059, 1060 (7th Cir. 2009). Nevertheless, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and its "[f]actual allegations must . . . raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quotation marks and citations omitted). The complaint must therefore include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 8(a)(2). Stated otherwise, a facially plausible complaint is one which permits "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**II.     Discussion**

Aspire seeks dismissal of Ms. Nichols's complaint on the sole basis that she failed to adequately allege that she suffered an adverse employment action, which is an essential element of both her Title VII and ADEA discrimination claims.  Specifically, Aspire argues that the allegation in Ms. Nichols's complaint that her termination was discriminatory is outside the scope of her EEOC charge, meaning that she is barred from asserting this allegation for the first time in this litigation.  Aspire further argues that the other instances of discrimination alleged by Ms. Nichols in her complaint, to wit, the verbal reprimand she received and her suspension with pay, are not, as a matter of law, adverse employment actions.  Accordingly, Aspire asserts that Ms. Nichols's claims must be dismissed with prejudice.  We turn first to address whether Ms. Nichols exhausted her administrative remedies with regard to her termination.

"[A] plaintiff is barred from raising a claim in the district court that had not been raised in his or her EEOC charge unless the claim is reasonably related to one of the EEOC charges and can be expected to develop from an investigation into the charges actually raised." *Whitaker v. Milwaukee County*, 772 F.3d 802, 812 (7th Cir. 2014) (quotation marks and citation omitted).  "[T]o be reasonably related to one another, there must be 'a factual relationship between them.'" *Id.* (quoting *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994)).  "This means that the EEOC charge and the complaint must, at minimum, 'describe the same conduct and implicate the same individuals.'" *Id.* at 812-13 (quoting *Cheek*, 31 F.3d at 501) (emphasis omitted).

Here, it is undisputed that Ms. Nichols's EEOC charge did not mention her termination, nor could it have, since her EEOC charge was filed on the morning of August 12, 2016, and she was not fired until later that afternoon. Thus, ordinarily, Ms. Nichols would be barred from bringing a discrimination claim based on her termination. However, we find that Ms. Nichols's termination was reasonably related to the allegations set forth in her EEOC charge and that a claim based on her termination could "reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." *Cheek*, 31 F.3d at 501.

The allegations in Ms. Nichols's EEOC charge detail the circumstances surrounding her August 9, 2016 suspension pending an investigation into a "potential violation of Aspire policies pertaining to falsification of documents." Dkt. 5-1. Ms. Nichols was terminated only three days later, on August 12, 2016, at the conclusion of Aspire's investigation into the alleged falsification of mileage reports. This extremely short interval between her suspension and her termination, coupled with the fact that her firing was apparently based solely on the same alleged infraction underlying her suspension, demonstrates that her termination is "reasonably related" to the allegations described in her EEOC charge.

Moreover, given that Ms. Nichols was terminated within a mere few hours after she filed her EEOC charge and the EEOC did not issue its dismissal and notice of rights until months later, its investigation into the allegations in her EEOC charge had barely begun at the time she was terminated. A discrimination claim based on Ms. Nichols's termination therefore could reasonably be deemed to emanate from the EEOC's

investigation into the allegations contained in her EEOC charge. *See Isaacs v. Hill's Pet Nutrition, Inc.*, 485 F.3d 383, 385 (7th Cir. 2007) ("If [the plaintiff] had been fired a week after her charge, the EEOC would have learned this in the course of its investigation …").

For these reasons, we find that Ms. Nichols's termination was reasonably related to the allegations included in her EEOC charge regarding her suspension, and therefore, that her termination was properly included in her complaint. Accordingly, Aspire's Motion to Dismiss on the grounds that Ms. Nichols's Complaint fails to properly allege an adverse employment action and thus omits facts essential to a legally cognizable claim for discrimination is <u>DENIED</u>.[1]

    IT IS SO ORDERED.

Date: _____12/15/2017_____         _____

                                                    SARAH EVANS BARKER, JUDGE
                                                    United States District Court
                                                    Southern District of Indiana

---

[1] Aspire also argues that Ms. Nichols cannot bring a discrimination claim based on either the verbal reprimand she received or her paid suspension as neither constitutes an adverse employment action. In discrimination cases, "a materially adverse employment action is one which visits upon a plaintiff 'a significant change in employment status.'" *Boss v. Castro*, 816 F.3d 910, 917 (7th Cir. 2016) (quoting *Andrews v. CBOCS West, Inc.*, 743 F.3d 230, 235 (7th Cir. 2014)). "Such changes can involve the employee's current wealth, his career prospects, or changes to work conditions that include humiliating, degrading, unsafe, unhealthy, or otherwise significant negative alteration in the workplace." *Id.* (citing *Lewis v. City of Chi.*, 496 F.3d 645, 653 (7th Cir. 2007). While we agree with Aspire that not every paid suspension will constitute an adverse employment action, we cannot say as a matter of law that a paid suspension can *never* constitute such a material change in employment status. *See, e.g.*, *Turner v. Marshall Field & Co.*, No. 97 C 6354, 1999 WL 168465, at *8 (N.D. Ill. Mar. 18, 1999) (finding that a suspension with no loss in pay, seniority, or benefits could in some circumstances constitute an adverse employment action). Determining whether Ms. Nichols's suspension here meets the adverse employment action standard will require further factual development. The case law is clear, however, that a verbal reprimand, without more, does not rise to the level of a material change in employment status. *E.g.*, *Vance v. Ball State Univ.*, 646 F.3d 461, 475 (7th Cir. 2011).

Distribution to counsel of record via CM/ECF